CARLSON, Plaintiff-Appellant, v. YOUNG, Administrator, BUREAU OF WORKMEN'S COMPENSATION, and GEORGE L. OLES COMPANY, Defendants-Appellees.

Ohio Appeals, Seventh District, Mahoning County.

No. 4060.  Decided October 20, 1959.

Marvin Traxler, Youngstown, for plaintiff-appellant.

Mark McElroy, Atty. Genl., William G. Carpenter, Asst. Atty. Genl., Columbus, for defendants-appellees.

## OPINION

Per CURIAM.

The question presented by plaintiff's appeal on questions of law from a denial by the Administrator of the Bureau of Workmen's Compensation of plaintiff's application for permanent partial disability is whether the plaintiff's injury of February 1, 1955, while travelling by bus to Cleveland for an examination in connection with such application, pursuant to an order of the Industrial Commission, is traceable to the course of and arising out of her employment and therefore covered by the Workmen's Compensation Law of Ohio.

The Industrial Commission of Ohio allowed plaintiff total temporary benefits and medical care for an injury sustained in 1947.

The commission notified plaintiff that in order to have her subsequently filed claim for permanent partial disability considered it was mandatory that she submit to an examination by a member of the commission's medical staff in Cleveland, and it was while enroute to Cleveland that she was injured in a bus collision.

It seems to be conceded that if there was any reasonable relation between plaintiff's employment in 1947 and her injury sustained while enroute to Cleveland under the conditions stated occurring long after such employment had ceased, or such employment was a contributing cause of such injury, that her injury received enroute to Cleveland is compensable.

In a word, counsel for plaintiff contends that plaintiff was injured on her way to a medical examination she was required to attend in order to receive compensation for the prior injury; and that if it were not for this prior injury, which was unquestionably covered by compensation, she would not have been involved in the bus collision.

Plaintiff further contends that the fact that plaintiff was not injured during working hours has no effect on her claim. The major element is that plaintiff was following the requirements of the Industrial Commission relative to receiving compensation for her prior injury when she received the injury which is the subject of this action.

Plaintiff further contends that the requirement by the Industrial Commission that plaintiff go to Cleveland for a physical examination, riding on a bus, creates a hazard, together with bringing plaintiff within the course of her employment, for the reason that going to Cleveland to obtain workmen's compensation was an incident of her employment.

Supporting this terse argument counsel cites Fitzgibbons v. Clarke, 285 N. W. 528, where the court said:—

"The trips to the doctor were made mandatory by the initial injury."

Plaintiff calls our attention to the case of Huhn v. Gehnrich Indirect Heat Oven Company, 166 N. E. 327. In that case plaintiff was returning from the doctor's office where he had gone for treatment for an industrial injury and fell and was injured again. The court held that the second injury arose out of and in the course of his employment, and granted compensation.

In Schneider Workmen's Compensation Text, Volume 6, Page 34, it is said:—

"The proximate cause applies, not only to the immediate injury resulting from the accident, but also to all remote injuries that are traceable to the original accident or occurrence. The force that is put in motion and all subsequent forces which are started or put in motion by the original act are proximately caused by that act and if the act is compensable, all that it is responsible for would be equally compensable."

In **Parrott v. Industrial Commission of Ohio**, 30 O. O. 284, it is said:—

"A workman who, being unable to procure his pay when he severed his employment, is injured when he returns to the premises of his employer for that purpose, is acting in the course of his employment under the workmen's compensation laws."

Counsel also cites cases from other jurisdictions to support plaintiff's contention, to which further reference will not be made except to a South Carolina Supreme Court case number 4408, handed down on January 14, 1959, which plaintiff cites as going to prove that the case at bar comes within the province of the "arising out of and in the course of employment" theory when as an incident, there is something happening connected with the employment and the surrounding circumstances happening therefrom.

In the case of **Industrial Commission v. Weigant**, 102 Oh St 1, the second paragraph of the syllabus states:—

"The test of right to award from the insurance fund under the Workmen's Compensation Law, for injury in the course of employment, is not whether there was any fault or neglect on the part of the em-

ployer, or his employes, but whether the employment had some causal connection with the injury, either through its activities, its conditions or its environments."

The commission takes the position that when injured on the bus plaintiff was not engaged in any act for the benefit of her employer but rather in an act beneficial to her. As authority for its contention defendant cites **Walborn v. General Firepoofing Company, 147 Oh St 507; Industrial Commission v. Gintert, 128 Oh St 129; and Industrial Commission v. Ahern, 119 Oh St 41.**

Defendant stresses the fact that in this case claimant was not enroute to Cleveland to receive treatment for the first injury. but for the purpose of examination to determine whether she was entitled to further compensation. As authority for this statement defendant cites Larson's Workmen's Compensation Law, Volume 1, Section 13.13, Page 186, as follows:—

"It should not, therefore, be necessarily concluded that anything happening to an injured workman in the course of a visit to the doctor is compensable. To get this result, there should be either a showing that the trip was in the course of employment by usual tests, or that the nature of the primary injury contributed to the subsequent injury in some way other than merely occasioning the journey during which harm from a totally unrelated source occurred. * * *."

Schneider on Workmen's Compensation, Volume 6, Section 1543 (f), page 53, tests the question presented in the case we review in these words:—

"Generally if an injury is aggravated by a subsequent intervening cause, the question to be determined is whether the original injury contributed to the final result or would the final result have been the same if there had been no previous injury. If the intervening cause was wholly responsible for the final result, then no liability attaches for the previous injury. To create liability, the disability suffered must be the consequence of a continuous chain of causation so connected that the act or force complained of is carried through from the employment to the accident to the injury and to the disability. If an intervening independent agency breaks the chain of causation so as to destroy the original force, the employer is relieved from injuries following the termination of the force which the employment set in motion."

On authority of the second paragraph of the syllabus in the case of **Walborn v. General Fireprofing Co., 147 Oh St 507**, which reads as follows:—

"The hazard must be peculiar to the work and not common to the general public in the community."

and on authority of the fifth, sixth, and seventh paragraphs of the syllabus in the case of **McNees v. The Cincinnati Street Ry. Co., 152 Oh St 269**, which read as follows:—

"5. An injury is not compensable under the Workmen's Compensation Act unless it is received in the course of and arises out of the employment.

"6. An injury does not arise out of the employment, within the

meaning of the Workmen's Compensation Act, unless there is a proximate causal relationship between the employment and the injury.

"7. Even where there is substantial evidence tending to prove that the employment was a probable cause of an injury, such evidence will not require a finding, as a matter of law, that there was a proximate causal relationship between the employment and the injury where there is other substantial evidence tending to prove that something apart from the employment could have caused the injury. In such an instance the question of whether there was a proximate causal relationship between the employment and the injury remains one for the jury." The judgment of the court of common pleas should be and hereby is affirmed.

GRIFFITH, PJ, PHILLIPS and DONAHUE, JJ, concur.