In the Matter of the Claim of RICHARD J. AUGUSTINE, Respondent, v NEW YORK STATE ELMIRA CORRECTIONAL FACILITY et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent.

Third Department, November 9, 1978

## APPEARANCES OF COUNSEL

*Thomas J. Sullivan,* respondent *pro se.*

*Peter M. Pryor (Joseph F. Manes* of counsel), for State Insurance Fund, appellant.

*Louis J. Lefkowitz, Attorney-General (Jorge J. Gomez* and *Daniel Polansky* of counsel), for Workers' Compensation Board, respondent.

## OPINION OF THE COURT

HERLIHY, J.

Upon this appeal the appellants contend, as a matter of law, that the claimant was not in the course of his employment when he sustained his injuries.

The facts are not disputed. The claimant was employed by the State of New York as a teacher at the Elmira Correctional Facility and incidental to that employment he became a member of the New York State Employees Retirement System. The claimant had sustained physical disabilities while in the course of his employment prior to September, 1975 when he made an application to the retirement system for accidental disability retirement benefits. As of April 7, 1976, the claimant was continued as an employee by the State; however, after that date he was placed on sick leave without pay.

The retirement system advised the claimant that in connection with his application for benefits, he was to be examined by a Dr. Harwood at Syracuse, New York, and that the retirement system would pay his traveling expenses. On May 6, 1976, the claimant drove from his home at Watkins Glen to the office of Dr. Harwood. The claimant was injured in an automobile accident while returning home from Syracuse on May 6, 1976, and the present claim involves those injuries. The board found: "After review the Board finds, based on the credible evidence, that the accident occurred returning from a medical examination required by the Retirement System, for conditions causally related to claimant's employment, in order to substantiate claimant's application for disability retirement. Claimant's retirement benefits were provided by his employer, and related directly to his employment as well as to his causally related disability. It is therefore found that the accident of 5/6/76 arose out of and in the course of employment."

This claim appears to be one of first impression involving State employees and travel required by the retirement system.

The appellants emphasize the fact that the NYS Elmira Correctional Facility and the New York State Employees Retirement System are separate State "agencies" and argue that therefore the direction of the retirement system to travel to Syracuse was not a direction of the employer. However, this claimant was an employee of the State and the requirements of the retirement system were not those of an agency independent of the employer. The further assertion of the appellants that the trip was solely for the advantage or benefit of the claimant and thus outside the employment relationship as in *Matter of Costa v New York State Workmen's Compensation Bd.* (34 AD2d 585) has no merit. It was there found "there would be no identifiable benefit accruing to the employer by

claimant's taking the examination which was an activity for his benefit and solely by his own choice." Unlike the facts in *Costa* and *Matter of Chamberlain v Camillus Jr. High School* (53 AD2d 732, mot for lv to app den 40 NY2d 802—going to college for a personal benefit) the claimant herein was responding to a direct order by a department of the employer and the medical examination was for the benefit of the State as evidentiary material.

In the case of *Matter of Love v N. Y. S. Craig School* (42 AD2d 796, 797, affd on opn below 34 NY2d 680) the court held that travel required to perform services which have some benefit to the employer and are at its direction are not noncompensable because they also are of some advantage or benefit to the employee claimant. The board's finding that the accident herein "arose out of and in the course of employment" is supported by substantial evidence and is not erroneous as a matter of law (see *Matter of O'Connell v Board of Educ.,* 15 AD2d 600).

The decision should be affirmed, with costs to the Workers' Compensation Board against the employer and its insurance carrier.

MAHONEY, P. J., GREENBLOTT, LARKIN and MIKOLL, JJ., concur.

Decision affirmed, with costs to the Workers' Compensation Board against the employer and its insurance carrier.