694 P.2d 1377

Thomas BARTON, Plaintiff-Appellant.

v.

LAS COSITAS, d/b/a Barton's Flowers and Dodson Insurance Group, Defendants-Appellees.

No. 7758.

Court of Appeals of New Mexico.

Dec. 20, 1984.

Certiorari Denied Jan. 23, 1985.

Ronald W. Henkel, Roehl & Henkel, Albuquerque, for appellees.

Walter J. Melendres, James A. Hall, Montgomery & Andrews, P.A., Santa Fe, for appellant.

## OPINION

DONNELLY, Chief Judge

The plaintiff, Thomas Barton, appeals from an order of the district court granting summary judgment in favor of defendants and dismissing plaintiff's claim for benefits under the Workmen's Compensation Act. The pivotal issue in this case is whether the court erred in awarding summary judgment against plaintiff in view of plaintiff's contention that he was injured under an exception to the "going and coming rule".

### FACTS

Plaintiff is an employee of Las Cositas, Inc. d/b/a Barton's Flowers, a New Mexico corporation, located in Santa Fe. The primary business of the corporation is the operation of a retail flower store. Plaintiff, at all times material to this lawsuit, was the secretary and treasurer of the corporation. Plaintiff's wife, Shirley E. Barton, is the president of the corporation and a full-time employee of the business. In 1980, plaintiff suffered a heart attack which required surgery. After his release from the hospital, plaintiff suffered a stroke resulting in aphasia, a speech disorder.

In an affidavit in opposition to summary judgment, Shirley Barton stated that it was necessary to the continued operation of the business that plaintiff return to work. Plaintiff and his wife consulted his treating physician regarding rehabilitative speech therapy. Soon thereafter, on advice of his doctor, the plaintiff began a program of speech therapy so that he could regain his ability to perform his duties at the business, including taking telephone orders, operating the cash register, and carrying out general duties as a florist.

Plaintiff's wife stated in her affidavit that the plaintiff enrolled in the speech therapy program as the result of a business decision of Las Cositas, Inc., and that the corporation was interested in the plaintiff's rehabilitation so he could return to a full range of work at the shop. In July 1980, plaintiff began attending speech therapy sessions during his work hours at the flower shop. He continued to receive his full salary while attending the sessions.

Plaintiff attended twenty-seven speech therapy sessions. On November 11, 1980, plaintiff completed a speech therapy session and was returning to the flower shop a few blocks away when he was struck by an automobile while walking across Cordova Road.

At the time of the hearing on defendant's motion for summary judgment, defendant's counsel stated for the purposes of the motion that "the therapy that [Plaintiff] was taking was solely so that he could regain his job skills." Defendants further stipulated that the therapy did not have "any personal basis whatsoever."

Following the hearing, the trial court granted the summary judgment motion and dismissed plaintiff's action for workmen's compensation benefits.

### WAS SUMMARY JUDGMENT PROPER?

Plaintiff contends that his injury resulting from being hit by a car was incurred in the scope and course of his employment and that he is entitled to workmen's compensation benefits resulting from his disability stemming from his accident.

To establish a compensable claim under the Workmen's Compensation Act, the claimant must prove that (1) the worker sustained an accidental injury arising out of, and in the course of, his or her employment; and (2) the accident was reasonably incident to the worker's employment. NMSA 1978, § 52–1–28.

NMSA 1978, Section 52–1–19 (referred to as the "going and coming rule") excludes any right to recovery where a worker sustains an injury "occurring while on his way to assume the duties of his employment or after leaving such duties, the proximate cause of which is not the employer's negligence."

The "going and coming rule," while it does not apply to all travel after leaving the duties of employment, generally excludes compensation coverage while a worker is on his way to or from work if the proximate cause of the accident is not attributable to the employer's negligence. *Beckham v. Estate of Brown,* 100 N.M. 1, 664 P.2d 1014 (Ct.App.), *cert. quashed,* 100 N.M. 192, 668 P.2d 308 (1983); *Martinez v. Fidel,* 61 N.M. 6, 293 P.2d 654 (1956). A worker's injuries arise out of his employment if the injury is caused by a risk the worker is subjected to in his employment. *Losinski v. Corcoran, Barkoff, & Stagnone,* 97 N.M. 79, 636 P.2d 898 (Ct.App. 1981). If the employee's work creates the necessity for the travel, then any injury during travel (except for that governed by the "going and coming rule") is compensable. *See Clark v. Electronic City,* 90 N.M. 477, 565 P.2d 348 (Ct.App.), *cert. denied,* 90 N.M. 636, 567 P.2d 485 (1977).

The general rule is that employment begins when the employee reaches his place of work and ends after he leaves his place of work. Ordinarily, an injury that occurs to an employee while he is away from his work place is not compensable as an injury arising out of and in the course of his employment. *Beckham v. Estate of Brown.*

The principal rationale underlying the "going and coming rule" is that an injury sustained by an employee while going or coming from work is not compensable because, ordinarily, the employment relationship is suspended from the time the employee leaves his work until he returns. In the absence of special circumstances, an employee's travel to or from work does not further the employer's business. The hazards encountered while traveling to or from work are not generally deemed to be hazards which are specific to any particular type of employment.

However, an exception to the general rule exists where the employee is on a "special errand" or "special mission" for the employer. An employer may agree that the employee's duties begin and end someplace other than the employee's place of work. *Ross v. Marberry & Co.,* 66 N.M. 404, 349 P.2d 123 (1960).

[W]hen an employee is sent by his employer on a special mission away from his regular work * * * while on such mission, or in the performance of such duty, the employee is acting within the course of his employment * * *.

*Edens v. New Mexico Health & Social Services Dept.,* 89 N.M. 60, 62, 547 P.2d 65, 67 (1976) (quoting *Wilson v. Rowan Drilling Co.,* 55 N.M. 81, 227 P.2d 365 (1950)). The special errand exception has been applied where 1) there is an express or implied request that the service be performed after fixed working hours; 2) the trip involved was an integral part of the services performed for the employer; and 3) the task performed was special in the sense that it was not a regular and recurring task performed during normal working hours. *Clemmer v. Carpenter,* 98 N.M. 302, 648 P.2d 341 (Ct.App.), *cert. denied,* 98 N.M. 336, 648 P.2d 794 (1982). Whether an accident occurred within the course of employment, depends on the time, place and circumstances of the incident. *Sena v. Continental Casualty Co.,* 97 N.M. 753, 643 P.2d 622 (Ct.App.1982).

In determining whether the accident arose out of, or in the course of the worker's employment, the issue of employment must be decided with respect to the attendant circumstances in each case. The burden of showing that a plaintiff falls within an exception to the "going and coming rule" rests upon the plaintiff. *Id.*

There is sufficient evidence to raise a factual issue about whether the plaintiff's activities on the day of the accident fall within the criteria of a "special mission" as

explained above. As set forth in the affidavit of Shirley Barton, the president of Las Cositas, Inc., she stated "It was necessary to the continued operation of Barton's Flowers that Thomas Barton [the plaintiff] return to work." The plaintiff's speech therapy sessions were initiated as a business decision of the corporation to rehabilitate the plaintiff so he could perform the full range of his work duties. Shirley Barton also stated in her affidavit that plaintiff "attended the speech therapy sessions during his work hours at Barton's Flowers and continued to receive his salary while attending the speech therapy sessions." Dr. Swisher, the plaintiff's speech therapist, stated in his affidavit that some of the sessions were devoted to the application of speech therapy to the plaintiff's work, including a session spent at Barton's Flowers reviewing the work environment and the plaintiff's work duties.

■■■ Under these circumstances a factual issue exists as to whether the plaintiff was engaged in an activity that constituted a "special mission" for his employer when he was struck by a car while returning to work after the therapy session, thus constituting an exception to the "going and coming rule." Also at issue is whether the purpose of the plaintiff's travel was to benefit his employer. Summary judgment is an extreme remedy to be employed with great caution and cannot be substituted for a trial on the merits where an issue of material fact is present in the case. *Jelso v. World Balloon Corp.*, 97 N.M. 164, 637 P.2d 846 (Ct.App.1981).

■■ Defendant has also argued that the November 11, 1980 accident does not fall under the Workmen's Compensation Act because the speech therapy sessions were conducted to treat a non-work related injury, namely plaintiff's heart attack and stroke. Normally, a trip to or from a doctor's office is only compensable under the Workmen's Compensation Act if the injury to be treated was work related and compensable under the Act. Larson, *The Law of Workmen's Compensation*, § 13.13 (1984). However, the facts in the present case indicate that the pivotal issue is whether the speech therapy sessions were a "special mission" undertaken by the plaintiff for Barton's Flowers and does not turn on the relationship of the speech therapy sessions to the prior non-work related injury. *Cf. Anderson v. Chatham Electronics*, 70 N.J.Super. 202, 175 A.2d 256 (1961) (holding no relationship to employment where plaintiff sought medical clearance slip for non-work related injury and plaintiff had been away from employment for two months). The nexus between the plaintiff's alleged "special mission" for his employer and the accident after leaving the speech therapy session is even stronger than trips to a doctor's office for treatment of previous work related injuries.

Moreover, at the hearing on defendants' motion for summary judgment, defendants' counsel told the court that for the purposes of arguing the motion, defendants conceded that plaintiff's attendance of the therapy sessions was solely for his job rehabilitation. They agreed that the treatment had no personal basis.

■■ Where the term and manner of employment are disputed and different inferences may be drawn from these circumstances. the issue is a mixed question of law and fact which is subject to determination by the trier of fact. *Jelso v. World Balloon Corp.*

The order of the trial court granting summary judgment is reversed and the cause remanded for trial on the merits.

IT IS SO ORDERED.

BIVINS and ALARID, JJ., concur.