Argued and submitted October 1, reversed and remanded November 26, 1985

In the Matter of the Compensation of
Betty L. Williams, Claimant.

## WILLIAMS,
*Petitioner on Review,*

*v.*

## GATES, McDONALD & COMPANY,
*Respondent on Review.*

(WCB 80-10620; CA A32940; SC S31896)

709 P2d 712

James L. Edmunson, Eugene, argued the cause for petitioner on review. With him on the petition was Malagon & Associates, Eugene.

Cynthia S. C. Shanahan, Portland, argued the cause for respondent on review. With her on the response was Schwabe,

Williamson, Wyatt, Moore & Roberts, and William H. Replogle, Portland.

Kevin L. Mannix, Portland, filed an *Amicus Curiae* brief on behalf of Association of Workers' Compensation Defense Attorneys. With him on the brief was Lindsay, Hart, Neil & Weigler, Portland.

Robert K. Udziela, Portland, filed an *Amicus Curiae* brief on behalf of Oregon Trial Lawyers Association. With him on the brief was Pozzi, Wilson, Atchison, O'Leary & Conboy, Portland.

ROBERTS, J.

### ROBERTS, J.

Claimant seeks review of a Court of Appeals' decision holding that the long-term consequences resulting from an operation that was required as a preliminary procedure to the operation necessitated by the industrial injury were not compensable. We hold that the consequences are compensable, and therefore, reverse.

The following is taken from the Court of Appeals opinion:

"Claimant was injured in March, 1978, while working for Owens Illinois Corporation in a job which required repetitive lifting. She saw a series of physicians after the injury. They prescribed conservative treatment, but she continued to have severe pain in her right shoulder and arm. She was ultimately referred to Dr. Misko, a neurosurgeon, who recommended a discectomy and spinal fusion at the C5-6 level. In his pre-operative examination he noticed a bruit[1] in her right carotid artery. He also learned that she had had an incident of amaurosis, or temporary blindness, in her right eye. He attributed that incident to the carotid artery defect. It would be necessary to retract, or move, the right carotid artery in the course of the spinal fusion surgery. The condition which Misko found indicated that there might be unreasonable dangers in doing so with the artery in its current condition. Misko therefore first performed a right carotid endarterectomy, removing the plaque buildup from inside the artery, in September, 1979. He then performed the discectomy and fusion in October, 1979.

"Soon after the endarterectomy, claimant began noticing a loss in her short-term memory; she also experienced other symptoms, which were ultimately diagnosed as mild dementia.[2] The medical evidence on the cause of claimant's mental problems is not wholly satisfactory. We conclude, however, on the basis of our review of the evidence, that the most probable explanation is that claimant suffered either a mild stroke or a temporary loss of oxygen to her brain in the course of or as a result of the endarterectomy. We therefore find that claimant's memory loss and dementia were caused by that operation.

---

"[1] A bruit is an unusual sound caused by the turbulent flow of blood through the artery at a point where it is constricted.

"[2] These problems do not clearly appear in claimant's

medical and psychological records until about two years after the operation. However, she and her family testified at the hearing that she first exhibited the symptoms soon after the endarterectomy. The referee accepted that testimony as credible; the Board did not reverse those findings. We have no basis for disagreeing with the referee on this point." *Williams v. Gates, McDonald & Co.,* 73 Or App 638, 640-41, 700 P2d 270 (1985).

In summary, the Court of Appeals found that the endarterectomy was necessarily performed to permit the discectomy, which all parties agree was necessary to treat the injury, and that the endarterectomy caused the "mental problems" identified in the Court of Appeals' decision. We accept those findings. *Wheeler v. Boise Cascade,* 298 Or 452, 457, 693 P2d 632 (1984); *Sahnow v. Fireman's Fund Ins. Co.,* 260 Or 564, 491 P2d 997 (1971).

The Court of Appeals then found that there was no causal connection between the compensable injury and the endarterectomy, apparently because of a statement by Dr. Misko that "it is also true that, independent of her industrial injury, this patient should have had a right carotid endarterectomy." 73 Or App at 641. This, said the Court of Appeals, showed that there was "only a purely fortuitous chronological connection" between the industrial injury and the need for an endarterectomy. *Id.* That court then affirmed the denial of the claim for compensation for disability resulting from the mental problems.

We do not question that the claimant "should" have had an endarterectomy independent of her industrial injury. That is immaterial. There is absolutely no evidence in this record that claimant *would* have submitted to that operation then or ever, had it not been a necessary prelude to the required discectomy. There is no evidence to contradict Dr. Misko's original report that both operative procedures were integral parts of the planned surgery to claimant's neck; without the endarterectomy the discectomy could not take place.

■      Both operations were required for total medical treatment. Treatment was necessitated by the injury. The insurer is liable for the consequences flowing from the injury and treatment, even where such consequences are damaging

rather than curative. *McDonough v. National Hosp. Assn.* 134 Or 451, 461, 294 P 351 (1930).[1]

■     For these reasons the decision of the Court of Appeals is reversed and the case is remanded to the Workers' Compensation Board for further proceedings consistent with this opinion.

---

[1] The record in this case does not indicate the presence of malpractice and we do not mean to imply that there may have been malpractice.