Argued and submitted February 1, affirmed May 15, reconsideration denied
October 2, petition for review denied October 29, 1991 (312 Or 234)

In the Matter of the Compensation of
Anthony B. Beardslee, Claimant.

Anthony B. BEARDSLEE,
*Petitioner,*

*v.*

DIAMOND WOOD PRODUCTS
and Liberty Northwest Insurance Corporation,
*Respondents.*

(WCB No. 88-10474; CA A64794)

810 P2d 1352

James L. Edmunson, Eugene, argued the cause and filed the brief for petitioner.

Jerald P. Keene, Portland, argued the cause for respondents. With him on the brief was Roberts, Reinisch, Mackenzie, Healey & Wilson, P.C., Portland.

Before Buttler, Presiding Judge, and Rossman and De Muniz, Judges.

DE MUNIZ, J.

Rossman, J., dissenting.

## DE MUNIZ, J.

Claimant seeks review of a decision of the Workers' Compensation Board reversing the referee and holding that his injury, sustained in a car accident while on the way to an independent medical exam (IME), is not compensable.

Claimant had filed claims for on-the-job injuries to his back and arm. Employer deferred acceptance or denial of the claims until after an IME, which was scheduled for January 20, 1988, at 3:30 p.m. Between 12:30 and 1:30 a.m., January 20, while on his way to Portland from Lebanon for the IME, claimant fell asleep at the wheel and drove his car into a ditch, sustaining the injury at issue. His mother eventually drove him to the IME in Portland. A referee later held that the claims for the back and arm were not compensable. Claimant did not appeal that determination. He contends, however, that he is entitled to benefits for the injury sustained in the car accident.

■ Claimant attempts to analogize this case to those in which we and the Supreme Court have held, under various circumstances, that, when the injury or need for treatment is a consequence of the compensable injury, it is compensable. In *Williams v. Gates, McDonald & Co.*, 300 Or 278, 709 P2d 712 (1985), the Supreme Court held compensable surgery that was necessary in order to treat the claimant's compensable condition. In *Fenton v. SAIF*, 87 Or App 78, 741 P2d 517, *rev den* 304 Or 311 (1987), we held that injuries sustained en route to a physician's office for treatment of a compensable injury were a direct and natural consequence of the injury and were compensable. In *Wood v. SAIF*, 30 Or App 1103, 569 P2d 648 (1977), *rev den* 282 Or 189 (1978), we held compensable an injury sustained in the course of vocational training necessitated by a work injury. This case is not like those. Claimant's injury was not a consequence of a compensable injury, but a consequence of an attempt to obtain compensation for a condition that was ultimately determined not to be compensable. The analogy does not work, and those cases do not support a determination of compensability.

■ Claimant contends, in any event, that the condition is compensable, because it occurred as a result of his employment:

"The trip to participate in the IME was itself in the course and scope of claimant's employment because he was required to attend the IME as a consequence of his employment relationship. The employer, by and through its agent, the insurer, directed claimant to travel to Portland for the benefit of the employer and as a consequence of claimant's status as an employee. * * * Even if the circumstances of injury in [the] underlying claim fell outside the employment relationship, the IME itself was part of the employment duties claimant owed to his employer."

Contrary to claimant's contention, a worker's attendance at an IME is not a fulfillment of the obligations of his employment, but a condition of entitlement to workers' compensation. A worker who refuses to attend an IME risks the loss or suspension of benefits, *see* ORS 656.325, but does not risk the loss of his job. The IME itself bears no relation to the employment, unless the condition for which it is sought is ultimately determined to be compensable. Here, it was not.

Affirmed.

**ROSSMAN, J.,** dissenting.

Although I agree that, by definition, claimant's injury cannot fit within the "consequence of a compensable injury" doctrine, I cannot agree that employer-mandated attendance at an Independent Medical Exam (IME) "bears no relation to the employment unless the condition for which it is sought is ultimately determined to be compensable." 107 Or App at 227. Accordingly, I dissent.

I can find, and the majority cites, no authority for the unnecessarily broad determination that IME attendance can never be considered within the scope of employment unless the employee's underlying injury is compensable. Further, the opinion fails to examine whether claimant's IME-related injury arose out of his employment.

As the author of today's majority opinion so eloquently pointed out in his dissent in *Gwin v. Liberty Northwest Ins. Corp.,* 105 Or App 171, 175, 803 P2d 1228 (1991), several factors *must be considered* when determining whether a claimant's injury is work related:

(1) *Was the activity for the benefit of the employer?* Here, it was. Attendance at the IME allowed employer to

determine whether the claimed injury was valid. *See* ORS 656.325. For claimant, it was simply one more hoop to jump through in the claims process.

(2) *Was the activity contemplated by the employer and employee at the time of hiring or later?* We must presume that, at the time of hiring, parties are aware of the possibility that, by statute, attendance at an IME may be required at some point during the employment.

(3) *Was the activity an ordinary risk of, and incidental to, the employment?* Yes; employer directed claimant to visit a particular doctor in a particular city. An employee is *required* to attend, if requested to by the employer or insurer. ORS 656.325(1)(a). Claimant was simply responding to employer's directions.

(4) *Was the employee paid for the activity?* No.

(5) *Was the activity on the employer's premises?* No.

(6) *Was the activity directed by or acquiesced in by the employer?* Absolutely; but for the specific directions of employer, claimant would not have been there.

(7) *Was the employee on a personal mission of his own?* Although the journey to Portland was a personal mission to the extent that claimant was trying to secure compensation for what he believed was a work-related injury, it was primarily an employment-related mission, because claimant was on the road to Portland at the request of employer.

In the light of those questions and answers, I would hold that the relationship between claimant's injury and his employment is sufficiently close to render the injury compensable. Given employer's specific directive — a directive that was simply being carried out by claimant — the connection is too strong to ignore. Nonetheless, I would remand for the Board to determine whether claimant, in leaving for Portland late at night and stopping by a friend's house, turned his journey into such a personal mission as to break the causal link to his employment.