**WOODRUM, Appellant,**

v.

**PREMIER AUTO GLASS COMPANY et al., Appellees.*** 

[Cite as *Woodrum v. Premier Auto Glass Co.* (1995), 103 Ohio App.3d 530.]

Court of Appeals of Ohio,
Fifth District, Fairfield County.

No. 94CA60.

Decided May 17, 1995.

* Reporter's Note: A discretionary appeal to the Supreme Court of Ohio was dismissed in (1995), 74 Ohio St.3d 1443, 656 N.E.2d 344.

*Merl H. Wayman*, for appellant.

*Betty D. Montgomery*, Attorney General, and *Melanie Cornelius*, Assistant Attorney General, for appellee.

GWIN, Presiding Judge.

·Plaintiff, Robert Woodrum, appeals the judgment of the Court of Common Pleas of Fairfield County that held that he was not entitled to participate in the Workers' Compensation Fund for injuries he sustained while returning from an independent medical examination ordered by the Bureau of Workers' Compensation ("bureau") to determine his eligibility to continue to receive benefits from a prior, work-related injury. Appellant had appealed the matter to the Fairfield County Court of Common Pleas pursuant to R.C. 4123.512, after the bureau had denied his application to add the injuries sustained in the automobile collision to his original claim. Appellant assigns a single error:

"The lower court erred when it held that plaintiff's injuries received while traveling from a medical examination ordered by the Bureau of Workers' Compensation were not compensable under the workers' compensation law."

The record indicates that appellant first sustained injuries to his back on September 22, 1990, in the course of and arising out of his employment with Premier Auto Glass Company. The Industrial Commission of Ohio allowed his claim for lumbar disc syndrome, lumbar sprain/strain, muscle spasms, sciatica and a herniated disc. Appellant collected temporary total disability benefits from October 20, 1990 until November 4, 1990, and from November 8, 1990 until January 6, 1991. On the latter date, appellant returned to work, although he continued to have difficulty with his low-back condition. Eventually, appellant was again unable to return work, and his treating physician certified that

appellant would be unable to work from March 4, 1992 through June 22, 1992. After appellant began to collect temporary total disability benefits, he was notified by the bureau that he was scheduled for an independent medical examination with another doctor on April 20, 1992. Appellant at this time resided in Fairfield County, and the doctor to whom he was referred had his office in Columbus (Franklin County). The purpose of the examination was to allow the bureau to determine whether appellant had reached maximum medical improvement, and whether he was still entitled to receive temporary total disability benefits. Pursuant to R.C. 4123.53, appellant had a duty to attend the examination, and a refusal would result in a suspension of benefits. Appellant attended the scheduled examination, and, while returning to his home, was involved in a multiple-vehicle collision. As a direct result of the collision, appellant suffered new injuries to his neck and mid-back, including cervical dorsal myofacial spasm and cervical injury. The trial court ruled that these injuries could not be added to his original claim, because they did not arise out of his employment, and because the medical examinations scheduled at the request of the bureau did not constitute a special hazard peculiar to his employment.

R.C. 4123.01(C) defines a compensable injury as one which is accidental and received in the course of and arising out of the injured employee's employment. That statute also defines three groups of injuries that are not compensable, including psychiatric conditions not arising from an injury or occupational disease, injuries caused by the natural deterioration of a tissue, organ, or part of the body, and injuries received in voluntary participation in an employer-sponsored recreation or fitness activity. Appellant urges that his injury does not fall within the list of noncompensable injuries, but, rather, that there is a causal connection between his injury and his employment.

Appellant cites various jurisdictions that have held that injuries occasioned during the course of seeking treatment for prior compensable injuries are themselves compensable, but urges that the case is one of first impression, never addressed by this court of appeals or the Supreme Court of Ohio. The trial court cited a 1959 Mahoning County Court of Appeals' case, *Carlson v. Young* (App.1959), 84 Ohio Law Abs. 403, 171 N.E.2d 736, as authority for the proposition that appellant must show that the injuries were the result of a special hazard of employment in order to recover under these circumstances.

Appellant urges that we should not follow *Carlson* because R.C. 4123.95 became effective after the *Carlson* decision. That statute requires courts to liberally construe the provisions of the workers' compensation statutes in favor of employees and the dependents of deceased employees. Appellant further urges that the Supreme Court has recently expanded the rights of injured workers, see *Village v. Gen. Motors Corp., G.M.A.D.* (1984), 15 Ohio St.3d 129, 15 OBR 279,

472 N.E.2d 1079; *Ryan v. Connor* (1986), 28 Ohio St.3d 406, 28 OBR 462, 503 N.E.2d 1379; and *Schell v. Globe Trucking, Inc.* (1990), 48 Ohio St.3d 1, 548 N.E.2d 920. All the above-cited cases expand the rights of injured workers and cause workers' compensation law to keep pace with the demands of the workplace.

The bureau responds that *Carlson* is good law and should be adopted by this court, and reminds us that injuries sustained by employees commuting to and from a fixed situs of employment are not compensable, citing *Bralley v. Daugherty* (1980), 61 Ohio St.2d 302; 15 O.O.3d 359, 401 N.E.2d 448.

We find that *Bralley* does not apply here. The injuries sustained by appellant were not sustained while commuting to and from his place of employment. Rather, appellant was injured while returning home from an appointment required by the bureau with a physician not selected by appellant.

The bureau characterizes appellant's argument as a "quasi-arising out of employment" test, but we do not think that this is an accurate description. We find that appellant's injuries were directly and proximately caused by circumstances that arose out of his employment. Appellant's original injuries, and the obligations necessitated by those injuries in order to participate in the Workers' Compensation Fund, *directly resulted* in his new injuries.

We also find that to hold otherwise would place an inequitable burden upon an injured worker, who would then be compelled to assume the foreseeable risks of pursuing his right to participate in the fund. Here, it was the bureau which required appellant to travel to Columbus, or forfeit his right to participate in the fund. The risk of further injury should not fall upon appellant here.

The assignment of error is sustained.

For the foregoing reasons, the judgment of the Court of Common Pleas of Fairfield County is reversed, and the cause is remanded to that court for further proceedings in accordance with law.

*Judgment reversed*
*and cause remanded.*

READER and WISE, JJ., concur.