Terry L. TURNER, Petitioner,

v.

INDUSTRIAL CLAIM APPEALS OFFICE OF the STATE OF COLORADO, Waste Management of Colorado, and Reliance National Indemnity, Respondents.

No. 03CA1958.

Colorado Court of Appeals, Div. I.

Dec. 2, 2004.

Rehearing Denied March 3, 2005.

Certiorari Denied May 23, 2005.*

Dawes and Harriss, P.C., Gail C. Harriss, Durango, Colorado, for Petitioner.

Ken Salazar, Attorney General, Y.E. Scott, Assistant Attorney General, Denver, Colorado, for Respondent Industrial Claim Appeals Office.

Treece, Alfrey, Musat & Bosworth, P.C., Kathleen M. Fairbanks, Denver, Colorado, for Respondents Waste Management of Colorado and Reliance National Indemnity.

Law Office of O'Toole & Sbarbaro, P.C., Neil D. O'Toole, Denver, Colorado, for Amicus Curiae Workers' Compensation Education Association.

ROY, J.

Terry L. Turner (claimant) seeks review of a final order of the Industrial Claim Appeals Office (Panel) determining that an injury he sustained while driving home from a vocational rehabilitation evaluation requested by Waste Management of Colorado and its insurer, Reliance National Indemnity, Inc. (collectively employer), was not compensable under the quasi-course of employment doctrine.

---

* Justice KOURLIS would grant as to the following issues:

Whether an injury sustained during travel from a litigation-related activity conducted for the purpose of discovery should be compensable under the Workers' Compensation Act of Colorado, in light of the quasi-course of employment doctrine.

Whether the expansion of the quasi-course of employment doctrine to include litigation-related injuries violates the due process right of the employer an insurance carrier to defend against a claim.

We set the order aside and remand for further proceedings.

The pertinent facts are undisputed. Claimant suffered admitted injuries to his neck and shoulder in 2000, and employer admitted liability for permanent partial disability based upon the division-sponsored independent medical examiner's opinion. Claimant objected and sought a hearing on additional medical and permanent disability benefits.

In defense of the claim, employer retained a vocational rehabilitation expert, and claimant traveled from Cortez to Durango, Colorado, to meet with that expert. On the return trip, while leaving the parking area of a restaurant following lunch, claimant suffered further injuries in an automobile accident.

The administrative law judge (ALJ) found that neither the restaurant stop nor the wrong turn constituted a deviation from the trip home. However, the ALJ concluded that, because employer did not have a contractual obligation to provide vocational rehabilitation, claimant was not in the quasi-course of employment. The Panel agreed, and this appeal followed.

Claimant contends that the ALJ and Panel erred as a matter of law in concluding that the further injuries were not compensable under the quasi-course of employment doctrine. Claimant argues that because he was required to attend a vocational rehabilitation evaluation once requested by employer, the injuries he suffered en route to a vocational evaluation, like injuries suffered en route to authorized medical care, should be compensated under the quasi-course of employment doctrine. We agree.

A noted treatise on the subject describes the quasi-course of employment doctrine as follows:

> Work connection is a meld of two elements: arising out of employment, and arising in the course of employment .... This being so as to the initial compensable injury, it is not surprising that the question whether claimant's subsequent conduct is an independent intervening cause in these cases [aggravated injury] cannot be fairly determined by reference to con-

ventional causation principles alone; it too must be determined by a test which is a combination of "course" and "arising out of" elements. Since, in the strict sense, none of the consequential injuries we are concerned with are in the course of employment, it becomes necessary to contrive a new concept, which we may for convenience call "quasi-course of employment." By this expression it [is] meant activities undertaken by the employee following upon his or her injury which, although they take place outside the time and space limits of the employment, and would not be considered employment activities for usual purposes, are nevertheless related to the employment in the sense that they are necessary or reasonable activities that would not have been undertaken but for the compensable injury. "Reasonable" at this point relates not to the method used, but to the category of activity itself.

1 Arthur Larson & Lex K. Larson, *Larson's Workers' Compensation Law* § 10.05, at 10–11 to –12 (2004); *In re Question Submitted by U.S. Court of Appeals*, 759 P.2d 17 (Colo. 1988)("but for" test used to define the arising out of employment requirement in workers' compensation cases).

Under § 8–43–404(1), C.R.S.2004, a claimant is required to submit to a vocational evaluation provided and paid for by the employer. Benefits may be reduced, suspended, or barred if a claimant fails to submit to the evaluation. *See* § 8–43–404(3), C.R.S. 2004. Also, if a disabled employee capable of rehabilitation refuses an offer of vocational rehabilitation paid for by the employer, he or she may not be awarded permanent total disability benefits. Section 8–42–111(3), C.R.S.2004.

The supreme court and divisions of this court have recognized the quasi-course of employment doctrine. *See Travelers Ins. Co. v. Savio*, 706 P.2d 1258 (Colo.1985); *Jarosinski v. Indus. Claim Appeals Office*, 62 P.3d 1082 (Colo.App.2002); *Excel Corp. v. Indus. Claim Appeals Office*, 860 P.2d 1393 (Colo. App.1993).

In *Travelers Insurance Co. v. Savio, supra*, the insurer used the doctrine as a shield, arguing that the workers' compensation ben-

efits precluded a bad faith claim against the insurer. The supreme court rejected that argument, stating that "a subsequent injury is compensable under the quasi-course of employment doctrine only if it is the 'direct and natural' consequence of an original injury which itself was compensable." *Travelers Ins. Co. v. Savio, supra,* 706 P.2d at 1265. The court concluded that a bad faith breach of an insurance contract was not a "direct and natural" consequence of the compensable injury.

In *Excel Corp. v. Industrial Claim Appeals Office, supra,* the claimant was injured in a slip-and-fall accident while leaving a physical therapy session, which was part of his authorized treatment for a compensable injury. The Panel concluded that the second injury was compensable because it was a natural and proximate result of the compensable injury. The division stated:

> The "quasi-course of employment" doctrine applies to activities undertaken by the employee which follow a compensable injury. And, although they take place outside the time and space limits of normal employment and would not be considered employment activities for usual purposes, they are nevertheless related to the employment in the sense that they are necessary or reasonable activities that would not have been undertaken but for the compensable injury.

> Because an employer is required to provide medical treatment and an injured employee is required to submit to it, a trip to the doctor's office becomes an implied part of the employment contract. Consequently, when an injured employee suffers additional injuries in the course of a journey to a doctor's office occasioned by a compensable injury, the additional injuries generally are held compensable.

> We agree with the Panel that the "quasi-course of employment" doctrine applies. The dispositive fact is that the claimant was leaving authorized medical treatment, rather than whether he had a weakened condition. This conclusion is followed by a majority of jurisdictions and, in our view, is the better reasoned rule.

*Excel Corp. v. Indus. Claim Appeals Office, supra,* 860 P.2d at 1394–95 (citations to earlier versions of 1 Larson, *supra,* §§ 10.05, 10.07, omitted).

In *Jarosinski v. Industrial Claim Appeals Office, supra,* the claimant suffered an admitted head and neck injury following a fall. The claimant filed a petition to reopen about three months after she had been denied medical benefits, complaining that her condition had worsened and that she suffered from depression and visual problems. The ALJ concluded that any worsening of her condition resulted from the claim process, more particularly from her watching surveillance tapes of her apparently inconsistent and possibly fabricated complaints. A division of this court stated:

> [I]n quasi-course cases, the immediate cause of the claimant's subsequent injury is an intervening accident sustained while obtaining medical treatment. *In this line of cases, the rationale for compensability is the implied contractual obligations of the employer to provide treatment and the claimant to cooperate with it, not the indirect causal relationship to the underlying workers' compensation injury.*

> Because the ALJ did not find claimant's worsened depression resulted from a weakened condition stemming from the compensable injury, but rather resulted from claimant's reaction to the insurer's conduct in its defense of the claim, this case is more analogous to the quasi-course cases than to the chain of causation cases. *Thus, again like the Panel, we are persuaded by those authorities that treat litigation stress as an intervening event, not a compensable consequence of the industrial injury.*

*Jarosinski v. Indus. Claim Appeals Office, supra,* 62 P.3d at 1086 (emphasis added; citations omitted); *see also Huffman v. Koppers Co.,* 94 Md.App. 180, 616 A.2d 451 (1992)(heart attack during deposition), *aff'd,* 330 Md. 296, 623 A.2d 1296 (1993); *Hendrickson v. George Madsen Constr. Co.,* 281 N.W.2d 672 (Minn.1979)(heart attack during hearing); *Douglas v. Spartan Mills,* 245 S.C. 265, 140 S.E.2d 173 (1965)(claimant's injury in automobile accident en route to Industrial

Commission hearing was in the course of direct, not quasi-employment).

Here, claimant was required, as a condition of pursuing permanent partial disability benefits, to submit to a vocational rehabilitation evaluation with a specialist of employer's choosing. The penalty for failing to undergo such an evaluation is a reduction, termination, or preclusion of permanent partial disability benefits. *See* §§ 8–42–111(3), 8–43–404(1), (3), C.R.S.2004. In addition, workers' compensation is claimant's sole remedy for his work-related injury because he is foreclosed from seeking any other remedy against his employer or any fellow employees. *See* § 8–41–104, C.R.S.2004.

It is foreseeable that an employer who is required to provide workers' compensation benefits will request that the claimant submit to evaluations by health care and rehabilitation professionals, whether for possible treatment or evaluation of the claim. It is undisputed that claimant would not have attended the evaluation "but for" the fact that he had suffered a compensable injury. Therefore, without more, claimant was acting within the scope of his quasi-employment with employer, and the second injury is compensable.

Nonetheless, employer argues, as the Panel determined, that claimant's injuries are not compensable because it is not required to provide vocational rehabilitation and, therefore, under *Excel Corp., supra,* the visit with the therapist was not therapeutically related. We are not persuaded.

Employer is correct that under the law applicable to this claim, the employer is not required to provide vocational evaluation or rehabilitation. Section 8–42–101, C.R.S.2004, currently governs required benefits and does not include vocational rehabilitation. *Cf.* Colo. Sess. Laws 1987, ch. 51, § 8–49–101(1) at 387 (effective July 1, 1987, deleting vocational rehabilitation from required benefits); Colo. Sess. Laws 1990, ch. 62, § 77 at 576 (§ 8–49–101 repealed in its entirety).

There is considerable case law that the quasi-employment doctrine extends workers' compensation benefits to injuries sustained while traveling to and from treatment by an authorized provider. *See Price Mine Serv., Inc. v. Indus. Claim Appeals Office,* 64 P.3d 936 (Colo.App.2003); *Excel Corp. v. Indus. Claim Appeals Office, supra. See generally* 1 Larson, *supra,* §§ 10.07, 10.07D. There is also ample case law that the quasi-employment doctrine does not apply to subsequent injuries sustained when traveling to and from unauthorized treatment. *See Schrieber v. Brown & Root, Inc.,* 888 P.2d 274 (Colo.App.1993)(injuries from seeking unauthorized treatment not compensable). *See generally* 1 Larson, *supra,* §§ 10.07, 10.07D.

The case law extending benefits under the quasi-employment doctrine also applies to travel to and from certain non-treatment activities. There are cases holding that a subsequent injury incurred during travel to and from an evaluation occasioned by the compensable injury is compensable under the quasi-employment doctrine. *Augustine v. N.Y. State Elmira Corr. Facility,* 64 A.D.2d 340, 410 N.Y.S.2d 141 (1978)(employee injured in automobile accident returning home from examination by out-of-town physician for the benefit of employer); *Woodrum v. Premier Auto Glass Co.,* 103 Ohio App.3d 530, 660 N.E.2d 491 (1995)(employee injured in automobile accident returning from independent medical examination ordered by Bureau of Workers' Compensation); *Am. Mfrs. Mut. Ins. Co. v. Hernandez,* 252 Wis.2d 155, 642 N.W.2d 584 (Wis.Ct.App.2002)(employee injured in automobile accident en route to treating physician for "final evaluation" required by employer's insurer prior to returning to work).

Other case law arguably reaches a contrary conclusion. *Whitington v. Indus. Comm'n,* 105 Ariz. 567, 468 P.2d 926 (1970)(injury not compensable when claimant was traveling to an employer-requested examination to determine disability); *Barton v. Las Cositas,* 102 N.M. 312, 694 P.2d 1377 (N.M.Ct.App.1984)(employee off work for nonwork-related illness injured in automobile accident while seeking medical clearance to return to work; injury not compensable because doctor visit not occasioned by work-related injury); *Carlson v. Young,* 171 N.E.2d 736 (Ohio Ct.App.1959)(claimant, injured in bus accident en route to an out-of-town examination by Industrial Commission's medical staff as a condition precedent to

consideration of permanent partial disability, denied benefits for subsequent injury because of lack of causal connection between employment and subsequent injury); *Beardslee v. Diamond Wood Prods.*, 107 Or.App. 224, 810 P.2d 1352 (1991)(second injury en route to independent medical examination not compensable because first injury was not compensable).

However, these cases are distinguishable. In *Whitington*, although the quasi-employment doctrine was rejected, the case was decided on the traditional scope of employment doctrine and the so-called street doctrine, which posits that the injury is not compensable if the claimant and nonworkers are equally exposed to the risk while driving on the street. *See In re Question, supra*, (rejecting "neutral force" or "street doctrine" in assault in which the victim and perpetrator are not privately connected). *Carlson* was decided on a traditional scope of employment analysis, not under the quasi-employment doctrine. In both *Barton* and *Beardslee* there was no compensable injury for which an evaluation was sought.

Here, claimant's travel for the evaluation was directly related to, and proximately caused by, a compensable prior injury. The majority view, though there are not many cases on the specific question, is that a second injury incurred during travel to and from an evaluation or examination by a health care or rehabilitation provider regarding the first compensable injury at the request of the employer is compensable even though no therapeutic benefit arises from the visit. In our view, even if the employer is not required by law to provide the services performed by the evaluator, the analysis does not change. The employer is not prohibited from providing vocational rehabilitation services, but may do so if it is to the employer's benefit, and the employee is sanctioned for his or her failure to submit to the evaluation even if the employer does not intend to provide the services.

Employer further argues that because the purpose for the evaluation was to support and formulate a defense to claimant's claim for permanent partial disability benefits, it is related to litigation, not treatment, and is not compensable under *Jarosinski, supra*. We disagree.

The family of cases typified by *Jarosinski* is, in our view, narrowly limited to psychiatric or cardiac problems caused by the stress associated with litigation or travel to attend hearings. We find no authority expanding these cases to the travel to and from an employer-mandated evaluation, and we decline employer's invitation to expand it.

Accordingly, the order is set aside, and the case is remanded for further proceedings consistent with this opinion.

Judge MARQUEZ and Judge CASEBOLT concur.