Argued and submitted November 18, 1991, reversed and remanded for
reconsideration March 11, 1992

In the Matter of the Compensation of
Ernesto Magana, Claimant.

Ernesto MAGANA,
*Petitioner,*

*v.*

WILBANKS INTERNATIONAL,
*Respondent.*

(88-10463; CA A68727)

826 P2d 1058

Ronald A. Fontana, Portland, argued the cause and filed the brief for petitioner.

Karen O'Kasey, Portland, argued the cause for respondent. On the brief were Janet M. Schroer and Schwabe, Williamson & Wyatt, Portland.

Before Richardson, Presiding Judge, and Deits and Durham, Judges.

DURHAM, J.

## DURHAM, J.

Claimant seeks review of a Worker's Compensation Board order denying an occupational disease claim. We remand for reconsideration.

Claimant suffers from end-stage renal disease (ESRD), a kidney condition. Claimant alleged that his disease results from a 1987 on-the-job exposure to chemical vapors. Respondent denied the claim, and the Board upheld the denial.

■ At the time of claimant's disability, ORS 656.802(1)(a) defined an occupational disease as

"[a]ny disease or infection arising out of and in the course of employment * * * to which an employee is not ordinarily subjected or exposed other than during a period of regular actual employment therein * * *."

Claimant must prove by a preponderance of the evidence that his work exposure to chemicals was the *major* contributing cause of his need to miss work and obtain medical services. *Dethlefs v. Hyster Co.*, 295 Or 298, 310, 667 P2d 487 (1983); *SAIF v. Scott*, 111 Or App 99, 101, 824 P2d 1188 (1992).

The Board order stated:

"Because claimant has not eliminated all other explanations, we conclude that claimant has failed to establish a compensable occupational disease claim."

That is the wrong test. Claimant need not eliminate all other possible explanations of causation. ORS 656.266.[1]

■ Employer argues that we should treat the Board's statement as surplusage, because the referee applied the correct test and the Board order says: "The Board affirms and adopts the order of the Referee * * *." ORS 183.482(7) provides, in part:

"The court shall remand the order for further agency action if it finds that either the fairness of the proceedings or the

---

[1] ORS 656.266 provides:

"The burden of proving that an injury or occupational disease is compensable and of proving the nature and extent of any disability resulting therefrom is upon the worker. The worker cannot carry the burden of proving that an injury or occupational disease is compensable merely by disproving other possible explanations of how the injury or disease occurred."

correctness of the action may have been impaired by a material error in procedure or a failure to follow prescribed procedure."

Conflicting inferences arise from the final order regarding the issue of causation. We cannot disregard as surplusage the Board's explicit conclusion that claimant did not prevail *because* he did not prove a fact that, by law, he does not have the burden to prove. In order to conduct meaningful appellate review, we must be able to discern from the order a clear explanation of why the Board's findings led to its conclusion. *Armstrong v. Asten-Hill Co.*, 90 Or App 200, 205, 752 P2d 312 (1988).[2] Although the Board can adopt a referee's order in whole or in part, the final order must be sufficiently clear that we are not forced to speculate about the Board's reasoning. Because of the ambiguity, the Board must reconsider and explain its conclusion regarding causation.

Reversed and remanded for reconsideration.

---

[2] The requirement was explained in *Home Plate, Inc. v. OLCC*, 20 Or App 188, 190, 530 P2d 862 (1975):

"If there is to be any meaningful judicial scrutiny of the activities of an administrative agency — not for the purpose of substituting judicial judgment for administrative judgment but for the purpose of requiring the administrative agency to demonstrate that it has applied the criteria prescribed by statute and by its own regulations and has not acted arbitrarily or on an ad hoc basis — we must require that its order clearly and precisely state what it found to be the facts and fully explain why those facts lead it to the decision it makes."