Argued and submitted May 18, 1992, reversed and remanded for reconsideration
April 21, 1993

In the Matter of the Compensation of
James A. Carling, Claimant.

James A. CARLING,
*Petitioner,*

*v.*

SAIF CORPORATION
and Martin Construction Co.,
*Respondents.*

(89-08425; CA A70736)

851 P2d 624

Eileen G. Simpson, Eugene, argued the cause for petitioner. With her on the brief was Peter O. Hansen, Portland.

Julie K. Bolt, Special Assistant Attorney General, Salem, argued the cause for respondents. With her on the brief were Charles S. Crookham, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Richardson, Chief Judge, and Deits and Durham, Judges.

DURHAM, J.

## DURHAM, J.

Claimant seeks review of an order of the Workers' Compensation Board upholding the denial of his claim on the basis of various psychological conditions. We review the Board's order for errors of law,[1] ORS 656.298(6); ORS 183.482(8), and reverse.

Claimant has a history of psychological problems. Following an accepted occupational injury in 1988, he filed a claim for various psychological conditions, including post-traumatic stress disorder. Employer denied his claim. The referee found that claimant did not suffer from post-traumatic stress disorder, but that his compensable injury materially contributed to an adjustment disorder. The referee ordered employer to accept the adjustment disorder and upheld the remainder of the denial. The Board reversed the referee's order regarding the adjustment disorder and upheld the denial in its entirety.

Claimant contends that the Board erred in requiring him to prove that the injury caused specific psychological conditions. The Board said:

> "It is well settled that the employer is liable for the natural consequences flowing from a compensable injury. *Williams v. Gates McDonald & Co.*, 300 Or 278, 281[, 709 P2d 712] (1985); *Pattitucci v. Boise Cascade Corp.*, 8 Or App 503, 507[, 495 P2d 36] (1972). Claimant must prove that the compensable injury was a material cause of his alleged 'Post-traumatic Stress Syndrome' and/or his alleged adjustment disorder.
>
> "* * * * *
>
> "Accordingly, we conclude that claimant has not carried his burden to prove that his compensable injury materially contributed to his alleged adjustment disorder or his alleged 'Post-traumatic Stress Disorder.' "

The Board correctly stated that an employer is liable for the natural consequences of a compensable injury. *Williams v. Gates McDonald & Co., supra*, 300 Or at 281.

---

[1] We have no occasion to decide the effect of the 1990 amendments to the Workers' Compensation Law because the hearing was convened before July 1, 1990. Or Laws 1990, ch 2, § 54(2). *Boeing Co. v. Viltrakis*, 112 Or App 396, 400 n 2, 829 P2d 738 (1992).

However, contrary to the Board's other statements, claimant is not required to prove that the injury caused a specific psychological condition. He can prevail by proving that the injury materially contributed to his symptoms. *Grace v. SAIF*, 76 Or App 511, 517, 709 P2d 1146 (1985).

We addressed a similar problem in *Magana v. Wilbanks International*, 112 Or App 134, 826 P2d 1058 (1992), where the Board adopted a referee's order that recited a correct causation test, but concluded that the claimant did not satisfy a different erroneous causation test. We refused to treat the Board's reference to an incorrect causation test as surplusage:

> "Conflicting inferences arise from the final order regarding the issue of causation. We cannot disregard as surplusage the Board's explicit conclusion that claimant did not prevail *because* he did not prove a fact that, by law, he does not have the burden to prove. In order to conduct meaningful appellate review, we must be able to discern from the order a clear explanation of why the Board's findings led to its conclusion. *Armstrong v. Asten-Hill Co.*, 90 Or App 200, 205, 752 P2d 312 (1988). Although the Board can adopt a referee's order in whole or in part, the final order must be sufficiently clear that we are not forced to speculate about the Board's reasoning. Because of the ambiguity, the Board must reconsider and explain its conclusion regarding causation." 112 Or App at 136. (Emphasis in original; footnote omitted.)

The rationale of *Magana* applies here. We cannot say, without speculating, that the Board did not incorrectly require petitioner to prove that the injury materially contributed to the named psychological conditions rather than the symptoms that he experienced.

Reversed and remanded for reconsideration.